–FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2007 DEC 21  PM 5: 10
FORT MYERS DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

LARRY DONNELL RICHARDSON,

Plaintiff,

vs.                                    Case No.   2:07-cv-388-FtM-34DNF

SECRETARY,  FLORIDA  DEPARTMENT  OF
CORRECTIONS, ET AL.,

Defendants.

---

**ORDER OF PARTIAL DISMISSAL
AND DIRECTING SERVICE OF PROCESS
UPON DEFENDANTS AND NOTICE TO PLAINTIFF**[1]

This  matter  comes  before  the  Court  upon  review  of  the

Complaint (Doc. #2, Complaint) and Plaintiff's completed service of

process forms.

In  any  §  1983  action,  the  initial  inquiry  must  focus  on

whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct
> complained of was acting under color of state
> law;  and  (2)  whether  the  alleged  conduct
> deprived  a  person  of  rights,  privileges  or
> immunities guaranteed under the Constitution
> or laws of the United States.

Duke  v.  Massey,  87  F.3d  1226,  1231  (11th  Cir.  1996)(internal

citations  omitted).    Plaintiff  names  as  Defendants  James  R.

---

[1]This  is  a  "written  opinion"  under  §  205(a)(5)  of  the  E-
Government Act and therefore is available electronically.  However,
it  has  been  entered  only  to  decide  the  matters  addressed  herein  and
is  not  intended  for  official  publication  or  to  serve  as  precedent.

McDonough, Secretary of the Florida Department of Corrections; Ms. Laughlin, Inspector for Department of Corrections; and Mr. Adams, a Colonel at Charlotte Correctional.   Complaint at 1.   The Complaint, however, contains no factual allegations describing how Mr. McDonough, Ms. Laughlin, or Mr. Adams allegedly participated in, or were causally related to, the attack Plaintiff suffered allegedly at Charlotte Correctional or the alleged denial of medical care after the assault.

The only place Defendant Adams' name is mentioned in the Complaint is in Plaintiff's discussion of an informal grievance, which Plaintiff alleges was referred to Defendant Adams, who is apparently a supervisor.   Id. at 15.   Plaintiff claims that Defendant Adams approved the denial of Plaintiff's informal grievance and therefore Plaintiff remained in a double cell.   Id. Plaintiff similarly appears to sue Defendant Laughlin for her alleged failure to respond to one of Plaintiff's grievances and Defendant McDonough for denying a grievance.   Id. at 14, 15.   To the extent Plaintiff predicates liability on Defendants Adams, McDonough, and Laughlin solely for denying his grievance or approving the denial of his grievances, Plaintiff fails to state a § 1983 claim.   See Haverty v. Crosby, No. 1:05-CV-00133, 2006 WL 839157 *5 (N.D. Fla. Mar. 28, 2006)(reasoning that a supervisor is not liable for conduct brought to his or her attention by a grievance form, unless the knowledge imputed to the supervisor and

the refusal to prevent the harm rises to the level of a custom, policy, or practice) (citing <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1106 (11th Cir. 1999)[2]). To impute knowledge to a supervisor, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1542 (11th Cir. 1994). Plaintiff's Complaint contains no facts supporting such a conclusion. Plaintiff also appears to predicate his claims against Defendant McDonough on McDonough's position as the Secretary of the Department of Corrections. <u>See generally</u> Complaint. The United States Supreme Court has soundly rejected *respondeat superior* liability in § 1983 actions. <u>See generally</u> <u>Monell v. Dept. of Soc. Serv.</u>, 436 U.S. 658, 690-692 (1978). Based on the foregoing, the Court will dismiss Defendants Adams, McDonough, and Laughlin without prejudice.

With regard to Defendant "John Doe", "fictitious party practice is not permitted in federal Court." <u>Rolle v. Brevard County, Florida</u>, No. 6:06-cv-714, 2007 WL 328682 * 14 (M.D. Fla. Jan 31, 2007) (citing <u>New v. Sports Rec., Inc.</u>, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997)) (other citations omitted). Although Plaintiff identifies the Defendant John Doe as a guard at Charlotte

---

[2]The <u>Wayne</u> decision was overruled, in part, on grounds not applicable here. <u>See</u> <u>Manders v. Lee</u>, 338 F.3d 1304, 1328 (11th Cir. 2003).

Correctional in his Complaint, this information is insufficient for the Court to effect service of process on this Defendant. <u>See Id.</u>; <u>Dean v. Barber</u>, 951 F.2d 1210, 1215-1216 (11th Cir. 1992). The service of process forms contained no additional information describing the John Doe Defendant sufficient to effect service of process. It is possible that the identity of this John Doe Defendant will be uncovered during discovery, at which time Plaintiff may seek leave from the Court to amend his Complaint. Thus, at this time, the Court will dismiss Defendant John Doe without prejudice.

Additionally, the Court will dismiss the Due Process claim stemming from the alleged destruction of Plaintiff's personal property, including letters from family and his radio by his cellmate, as not cognizable under § 1983. <u>See</u> Complaint at ¶¶ 7 - 10. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. In the Eleventh Circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. <u>Menendez v. Keefe Supply Co.</u>, 235 Fed. Appx. 737, 739 (11th Cir. 2007) (citing <u>Cryder v. Oxendine</u>, 24 F.3d 175, 177 (11th Cir. 1994)).

Plaintiff alleges that his cellmate Curtis Mangran, who is clearly not a state actor, destroyed his property.  Complaint at 11-13.  To the extent Plaintiff predicates liability on the Defendants for their failure to protect his property, "[b]efore seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail [him]self of state remedies or show that the state deprived it of redress."  T & A Utilities v. City of Panama City, 5:96-CV-97, 1997 WL 151045 *4 (N.D. Fla. Jan. 22, 1997) (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996); McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994)(remaining citations omitted)).  The Complaint is devoid of any allegations concerning Plaintiff's exhaustion of state remedies or facts indicating that the state deprived Plaintiff of redress.  Thus, as previously stated, the Court will dismiss paragraphs 7 thru 10.

Last, the Court will direct the U.S. Marshal to serve the Complaint on the remaining Defendants because Plaintiff is proceeding in forma pauperis.  See Order granting Pl's Mot. at Doc. # 11.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Complaint is **dismissed without prejudice** as to Defendants McDonough, Laughlin, Adams, and John Doe for the reasons set forth above.

2.  The Court dismisses ¶¶ 7-10 as those facts do not support a cognizable claim under § 1983.

3.  The United States Marshal or a Deputy United States Marshal shall serve a copy of the Civil Rights Complaint, any attachments, and this Order upon **Defendants Johnson and McNealy** within **thirty (30) days** from the date on this order **via mail service to the special appointee** as set forth below. All costs of service shall be advanced by the United States.

4.  Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Anna Glore, C.O. or alternatively Shirley Matthew, C.O. at Charlotte Correctional Institution is specially appointed** to serve process upon **Defendants Johnson and McNealy.** The Special Appointee shall complete and sign the attached Return of Service and return it to the Court as proof of service. The Defendants shall also sign the Return of Service as an acknowledgment of receipt of service.

5.  Defendants shall have **SIXTY (60) DAYS** from the date of service of process in which to answer or otherwise respond to the remaining portions of the Complaint.

6.  Before counsel has appeared for Defendants, Plaintiff shall send to Defendants a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Defendants, the copy shall be sent directly to counsel for

-6-

Defendants, rather than to Defendants personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

7.    If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendants or counsel for Defendants, it will be stricken by the Court.

8.    Plaintiff shall immediately advise the Court of any change of address. He shall entitle the document "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain the address change and the effective date.

9.    The parties shall insure that all transcripts, briefs, affidavits, and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification with appropriate tabs on the right-side of the documents. Composite exhibits should also be individually marked for identification with appropriate tabs. A table of contents or index (with a title, description, and date of each document) shall be included to aid the Court in the location of each exhibit. The Court will return any exhibits that do not comply with these requirements.

-7-

10.   If Defendants file a motion to dismiss, Plaintiff shall have **TWENTY (20) DAYS** to file his response to the motion to dismiss.   *Pro se* Plaintiff is advised out of an abundance of caution that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

11.   If Defendants file a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff shall have **TWENTY (20) DAYS** to file his response.   Similarly, if Defendants file a motion for summary judgment, Plaintiff shall have **TWENTY (20) DAYS** to file his response.

In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it.   Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute.   If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated

above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will not be a trial, and the case will be terminated in this Court.

**DONE AND ORDERED** in Fort Myers, Florida, on this 21st day of December, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record